IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAMDY ALEX ABOU-HUSSEIN, </br></br> Plaintiff, </br></br> v. </br></br> ROBERT GATES, </br> Secretary of Defense, et al., </br></br> Defendants. | Civil Action No. 08-0783 (RJL) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO
MOTION FOR AN ENLARGEMENT OF TIME WITHIN WHICH TO
ANSWER, MOVE, OR OTHERWISE RESPOND
TO PLAINTIFF'S AMENDED COMPLAINT AND OPPOSITION TO
PLAINTIFF'S AFFIDAVIT IN SUPPORT OF DEFAULT**

Defendants file this Reply to Plaintiff's Opposition to Defendants' Motion for an Enlargement of Time and Opposition to Plaintiff's Affidavit in Support of Default.

**I. Motion for an Enlargement of Time**

Defendants' Answer or other response to Plaintiff's Amended Complaint was due on August 12, 2008. Defendants filed their motion for extension of time on August 11, 2008. (R. #12.) Plaintiff's Opposition appears to be premised on the incorrect assumption that Defendants relied upon Plaintiff's July 14 Amendment of his complaint as a factor in seeking an enlargement. This is incorrect. Defendants motion provided good cause for the extension, specifically, the need for time to coordinate with the various agencies and components of agencies necessary to reply to his Amended Complaint.

**II. Affidavit in Support of Default**

Plaintiff has filed an Affidavit in Support of Default in which Plaintiff requests the Clerk of Court to enter a default judgment against Defendants. (R. #14.) To the extent that the Court considers this Affidavit a motion for default, Defendants hereby oppose this motion.

Standard of Review

"The Federal Rules of Civil Procedure provide for an entry of default 'when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules.' Once the clerk enters the default pursuant to Rule 55(a), Rule 55(b) authorizes either the clerk or the court to enter a default judgment against a defendant." Candido v. District of Columbia, 242 F.R.D. 151, 154 (D.D.C. 2007) (citations omitted). A defaulting defendant "is deemed to admit every well-pleaded allegation in the complaint." Adkins v. Teseo, 180 F. Supp. 2d 15, 17 (D.D.C. 2001).[1] This Court recently set forth the relationship between an entry of default and a default judgment:

> Rule 55 sets forth a two-step process for a party seeking default judgment: entry of default, followed by entry of default judgment. First, after a defendant has failed to plead or otherwise defend against an action, the plaintiff may request that the clerk of the court enter default against that defendant. Second, following the clerk's entry of default, and when the plaintiff's claim is not for a sum certain, the plaintiff may apply to the court for entry of default judgment. By providing for a two-step process, Rule 55 allows the defendant the opportunity to move the court to set aside the default before the court enters default judgment.

---

[1] Plaintiff did not notify Defendants of his intention to file this Affidavit for default prior to its filing despite the fact that LCvR 7(m) requires a moving party to discuss any anticipated motion with opposing counsel before filing a nondispositive motion. To the extent Plaintiff is seeking a dispositive motion via default judgment, Fed. R. Civ. P. 55(b)(2) requires that Defendants be served with written notice of the application for judgment.

Carpenters Labor-Management Pension Fund v. Freeman-Carder LLC, 498 F. Supp. 2d 237, 240 (D.D.C. 2007) (citations omitted).

In this Circuit the standard for granting a motion for default judgment is set forth in Jackson v. Beech, 636 F.2d 831 (D.C. Cir. 1980).  As the Court of Appeals in Jackson noted, a default judgment is disfavored as "modern federal procedure favors a trial on the merits over a default judgment."  Id. at 835.  The Jackson Court further held that courts may grant default judgment against a "totally unresponsive party" after considering the following factors: 1) whether the delay is willful, 2) whether the plaintiff has been prejudiced by the delay, and 3) whether the alleged defense is meritorious.  Jackson v. Beech, 636 F.2d at 835-36; Combs v. Nick Garin Trucking, 825 F.2d 437, 442 (D.C. Cir. 1987).  Significantly, when one seeks default against the government or its officers, the standard is significantly higher.  No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court.  Fed. R. Civ. P. 55(e); see also O-J-R v. Ashcroft, 216 F.R.D. 150, 152-53 (D.D.C. 2003) (Rule 55(e) prohibits courts from entering default judgments against the United States or officers or agencies thereof unless the claimant, by evidence satisfactory to the court, establishes a right to relief).

Plaintiff's affidavit does not satisfy any of the three factors listed above.  Additionally, Plaintiff has not provided any evidence establishing his right to relief.  Accordingly, his request for default should be denied.

**Conclusion**

For the foregoing reasons, Defendants respectfully oppose Plaintiff's request for an entry of default, and request that the Court grant its Motion for an Enlargement of Time Within Which to Answer, Move or Otherwise Respond.

Respectfully submitted,

_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s_____
RUDOLPH CONTRERAS D.C. Bar #  434122
Assistant United States Attorney

_____/s/_____
LANNY J. ACOSTA, JR.
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C.  20530
202-353-9895  / FAX 202-514-8780