**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **HAMDY ALEX ABOU-HUSSEIN**<br>**Plaintiff,**<br>**v.**<br>**ROBERT GATES,**<br>**Secretary of Defense, et al.,**<br>**Defendants.** | **Civil Action No. 08-0783 (RJL)** |

**DEFENDANTS' MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT**

Defendants, through their undersigned counsel, respectfully move to set aside the Clerk's entry of default against these officers of the United States.

On August 14, Plaintiff filed an Affidavit in Support of Default in which Plaintiff requested that the Clerk of Court to enter a default judgment against Defendants. (R. #14.) Defendants filed an Opposition to Plaintiff's Affidavit on August 15. (R. #16.) After Defendants' Opposition to Plaintiff's Affidavit in Support of Default was filed, the Clerk of Court entered the of default as to Defendants. (R. #17.) This entry must be set aside based upon the ground stated here and in Defendants' Opposition to Plaintiff's Affidavit in Support of Default.

A. Standard of Review

"The Federal Rules of Civil Procedure provide for an entry of default 'when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules.' Once the clerk enters the default pursuant to Rule 55(a), Rule 55(b) authorizes either the clerk or the court to enter a default judgment against a defendant." Candido

v. District of Columbia, 242 F.R.D. 151, 154 (D.D.C. 2007) (citations omitted). A defaulting defendant "is deemed to admit every well-pleaded allegation in the complaint." Adkins v. Teseo, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). This Court recently set forth the relationship between an entry of default and a default judgment:

> Rule 55 sets forth a two-step process for a party seeking default judgment: entry of default, followed by entry of default judgment. First, after a defendant has failed to plead or otherwise defend against an action, the plaintiff may request that the clerk of the court enter default against that defendant. Second, following the clerk's entry of default, and when the plaintiff's claim is not for a sum certain, the plaintiff may apply to the court for entry of default judgment. By providing for a two-step process, Rule 55 allows the defendant the opportunity to move the court to set aside the default before the court enters default judgment.

Carpenters Labor-Management Pension Fund v. Freeman-Carder LLC, 498 F. Supp. 2d 237, 240 (D.D.C. 2007) (citations omitted). The Court may set aside an entry of default, "for good cause shown." Fed R. Civ. P. 55(c).[1]

In this Circuit the standard for granting a motion for default judgment is set forth in Jackson v. Beech, 636 F.2d 831 (D.C. Cir. 1980). As the Court of Appeals in Jackson noted, a default judgment is disfavored as "modern federal procedure favors a trial on the merits over a default judgment." Id. at 835. The Jackson Court further held that courts may grant default judgment against a "totally unresponsive party" after considering the following factors: 1) whether the delay is willful, 2) whether the plaintiff has been prejudiced by the delay, and 3) whether the alleged defense is meritorious. Jackson v. Beech, 636 F.2d at 835-36; Combs v.

---

[1] LCvR 7(g) states that a party moving to vacate an entry of default shall accompany its motion with a verified answer. However, Defendants submit that the Clerk entered this Default in error given that Defendant's Motion for and Enlargement of Time was still pending before the Court and Defendant's Opposition to Plaintiff's Affidavit in Support of Default. Defendants' motion provided good cause for the extension, specifically, the need for time to coordinate with the various agencies and components of agencies necessary to reply to his Amended Complaint.

Nick Garin Trucking, 825 F.2d 437, 442 (D.C. Cir. 1987). Significantly, when one seeks default against the government or its officers, the standard is significantly higher. No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court. Fed. R. Civ. P. 55(e); see also O-J-R v. Ashcroft, 216 F.R.D. 150, 152-53 (D.D.C. 2003) (Rule 55(e) prohibits courts from entering default judgments against the United States or officers or agencies thereof unless the claimant, by evidence satisfactory to the court, establishes a right to relief).

Plaintiff's affidavit does not satisfy any of the three factors listed above. Additionally, Plaintiff has not provided any evidence establishing his right to relief. Accordingly, his request for default should be denied and the Clerk's entry of default set aside.

**Conclusion**

For the foregoing reasons, Defendants respectfully opposes Plaintiffs' request for an entry of default, and request that the Court set aside the Clerk's entry of default and grant Defendants' Motion for an Extension of Time.

Respectfully submitted,

_______________/s_________________________
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

________________/s_______________________
RUDOLPH CONTRERAS D.C. Bar # 434122
Assistant United States Attorney

________/s/__________________

LANNY J. ACOSTA, JR.
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895 / FAX 202-514-8780

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served by First-Class Mail, postage prepaid to:

HAMDY ALEX ABOU-HUSSEIN
14 Sorento Blvd
Hanahan, SC 29410

on this 15th day of August, 2008.

_______/s/_________________
LANNY J. ACOSTA, JR.
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895 / FAX 202-514-8780