**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| **HAMDY ALEX ABOU-HUSSEIN** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 08-0783 (RJL)** |
| ) | |
| **ROBERT GATES,** ) | |
| **Secretary of Defense, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## <u>DEFENDANTS' MOTION FOR A PROTECTIVE ORDER</u>

Pursuant to Fed. R. Civ. P. 26(c), Defendants, through counsel, respectfully move this Court for an order protecting Defendants from improper and premature discovery requests propounded by Plaintiff who is representing himself in this case brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") and pursuant to "42 U.S.C. § 1983, 18 U.S.C. 1001, and 18 U.S.C. § 241." (Comp. at 1.)  Specifically, Defendants respectfully request that the Court enter a protective order providing that Plaintiff is not currently entitled to any discovery, including the discovery sought in Plaintiff's Request for Production, dated November 21, 2008 and served by hand delivery on counsel for Defendants on November 28; and that Defendants, therefore, do not need to respond to or answer Plaintiff's discovery until further Order of the Court.

In support of this Motion, Defendants respectfully refer the Court to the accompanying Defendants' Memorandum in Support of Motion for a Protective Order.  A proposed Order

consistent with this Motion is attached.  Defendants' counsel conferred with Plaintiff, *pro se*, via email who indicated his opposition to this motion.

Respectfully submitted,

____/s/_____
JEFFREY A. TAYLOR, D.C.  Bar # 498610
United States Attorney

____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

____/s/_____
LANNY J. ACOSTA, JR.
Special Assistant U.S.  Attorney
555 Fourth Street, N.W.
Room E4408
Washington, D.C.  20530
Ph: (202) 353-9895
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **HAMDY ALEX ABOU-HUSSEIN** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 08-0783 (RJL)** |
| ) | |
| **ROBERT GATES,** ) | |
| **Secretary of Defense, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF MOTION FOR PROTECTIVE ORDER**

Although the Court has not yet ruled on Defendants' Motion to Dismiss or for Summary Judgment, Plaintiff has propounded a request for discovery to which he should not be permitted at this time. Therefore, pursuant to Federal Civil Procedure Rule 26(c), defendants respectfully move for a protective order to avoid having to respond to Plaintiff's Discovery Request until further order of the Court. A copy of Plaintiff's Motion for Production of Documents and First Request for Interrogatories are attached as Exhibit 1.

## ARGUMENT

This Court has broad authority to regulate discovery and "should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979); see Fed. R. Civ. P. 26(c). It is particularly appropriate to stay discovery pending the outcome of dispositive motions. See Brennan v. Local Union No. 639, International Brotherhood of Teamsters, 494 F.2d 1092, 1100 (D.C. Cir. 1974), cert. denied, 429 U.S. 1123 (1977). When "the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions." O'Brien v. Avco

<u>Corp.</u>, 309 F.Supp. 703, 705 (S.D.N.Y. 1969).  Rule 26(c) provides that a court may grant a motion for protective order upon a showing of good cause.  The Court should find that good cause exists here.  First, Defendants' Motion to Dismiss or for Summary Judgment has been fully briefed, including Plaintiff's response and Defendants' reply.  (R. 19, 22, 32) Secondly, discovery is not generally permitted in cases brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  Moreover, Plaintiff's discovery requests are wholly unrelated to the issues in this proceeding.

To succeed in delaying consideration of a motion for summary judgment to permit discovery pursuant to Rule 56(f), a party must, inter alia, "articulate a plausible basis for the belief that discoverable materials exist which would raise a trialworthy issue."  <u>Price v. General Motors Corp.</u>, 931 F.2d 162, 164 (1st Cir. 1991); <u>accord</u> <u>Byrd v. EPA, 174 F.3d 239</u>, 248 n.8 (D.C. Cir. 1999), <u>cert</u>. <u>denied</u>, 529 U.S. 1018 (2000) (no abuse of discretion for the District Court to grant summary judgment before discovery, where the plaintiff's Rule 56(f) submission failed to show what facts he intended to discover that would create a triable issue and where he instead merely made "a conclusionary assertion without any supporting facts."); <u>Carpenter v. Federal National Mortgage Ass'n</u>, 174 F.3d 231, 237-38 (D.C. Cir.), <u>cert</u>. <u>denied</u>, (pre-discovery summary judgment affirmed).

To satisfy Rule 56(f), a non-movant must describe a need for "facts essential to justify the party's opposition" to a motion for summary judgment.  Fed. R. Civ. P. 56(f).  <u>See</u> <u>also</u>, <u>Exxon Corp. v. FTC</u>, 663 F.2d 120, 128 (D.C. Cir. 1980) (upholding district court's denial of motion under Rule 56(f), court explained that "[plaintiff] has failed to show the requested discovery was necessary to oppose [defendant's] summary judgment motion.  It is not the intent

2

of Rule 56 to preserve purely speculative issues of fact for trial . . ..").  Here, Plaintiff has already opposed Defendants' motion, rendering any such argument moot.  <u>See</u> <u>White v. Fraternal Order of Police</u>, 909 F.2d 512, 517 (D.C. Cir. 1990) (ruling on motion for summary judgment without 56(f) discovery not abuse of discretion because party opposed motion arguing that evidence already submitted created factual question).

Additionally, discovery in FOIA actions is generally restricted.  <u>See</u> <u>Public Citizen Health Research Group v. FDA</u>, 997 F. Supp. 56, 72 (D.D.C. 1998) ("Discovery is to be sparingly granted in FOIA actions.").  Although discovery is sometimes permitted with respect to the scope of an agency's search, its indexing and classification procedures, and similar factual matters, <u>see</u> <u>Weisberg v. Department of Justice</u>, 627 F.2d 365, 371 (D.C. Cir. 1980); <u>Schaffer v. Kissinger</u>, 505 F.2d 389, 391 (D.C. Cir. 1974); <u>Exxon Corp. v. FTC</u>, 384 F. Supp. 755, 760 (D.D.C. 1974), the government must first be permitted to submit its dispositive motion and supporting affidavits and have an opportunity to rebut allegations that its affidavits are insufficient.  <u>Military Audit Project v. Casey</u>, 656 F.2d 724, 750 (D.C. Cir. 1981); <u>Founding Church of Scientology v. Marshals Serv.</u>, 516 F. Supp. 151, 156 (D.D.C. 1980).  Discovery should be denied altogether if the Court is satisfied from the agency's affidavits that no factual disputes remain.  <u>Goland v. CIA</u>, 607 F.2d 339, 352 (D.C. Cir. 1978), <u>vacated in part, reh'g denied</u>, 607 F.2d 367 (D.C. Cir. 1979).

Plaintiff is, of course, at liberty to and, as stated above, has opposed Defendants' motion to dismiss and for summary judgment.  Plaintiff's Request for Production seeks copies of government contracts that are completely unrelated to the FOIA case seeking records concerning the Plaintiff individually.  <u>Colby v. J.C. Penney Co.</u>, 128 F.R.D. 247, 249 (N.D. Ill. 1989) (A

court need not grant a continuance if the party seeks discovery solely on issues not necessary to rebut the motion for summary judgment).  Plaintiff has made no allegations regarding the adequacy of the searches conducted. Viewed differently, Plaintiff's request for discovery at this stage also prematurely anticipates discovery that might be had in the event that the Court denies Defendants' motion to dismiss or in the alternative, for summary judgment.  In short, plaintiff's request for discovery is premature at best.

Counsel for Defendants communicated Defendants' position to Plaintiff that discovery was inappropriate in this case prior to the receipt of Plaintiff's request for production and takes the service of the Plaintiff's request as Plaintiff's opposition to this motion.  Accordingly, the Court should enter a protective order pursuant to Fed. R. Civ. P. 26(c) barring any discovery in this case until after the Court determines whether Defendants are entitled to dismissal or summary judgment in their favor on the record as it currently exists.

## Conclusion

For the reasons set forth above, Defendants respectfully submit that discovery at this time would be inappropriate and that the Court should grant Defendants' request for a protective order until after the Court rules on the pending motion for summary judgment, and finds that Plaintiff has made some showing that discovery is warranted.

Respectfully submitted,


____/s/_____
JEFFREY A. TAYLOR, D.C.  Bar # 498610
United States Attorney


____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

4

___/s/_____
LANNY J. ACOSTA, JR.
Special Assistant U.S. Attorney
555 Fourth Street, N.W.
Room E4408
Washington, D.C. 20530
Ph: (202) 353-9895
*Attorneys for Defendants*