# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HAMDY ALEX ABOU-HUSSEIN**, *pro se*, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Case No. 08-783 (RJL)** |
| ) | |
| **ROBERT GATES**, Secretary of Defense, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION
### (September 25, 2009) [#19]

Pro se plaintiff, Hamdy Alex Abou-Hussein ("plaintiff"), brings an assortment of claims against Secretary of Defense Robert Gates, the Department of Defense, and the Space and Naval Warfare Systems Center ("SPAWAR") (collectively, "defendants"). Although difficult to distill, plaintiff's complaint appears to allege violations of his civil rights under 42 U.S.C. § 1983, libel, fraud or false statements under 18 U.S.C. § 1001, conspiracy under 18 U.S.C. § 241, and violations of the Freedom of Information Act ("FOIA"). Defendants have moved for dismissal as to some claims and for summary judgment as to others. For the following reasons, the Court GRANTS defendants' motion.

## BACKGROUND

Plaintiff's claims arise from allegations that certain SPAWAR officials are engaged in a concerted effort to "frame" him for espionage. (Amended Complaint [#8] at 2-3, 7-8). Due to the actions of those officials in carrying out the alleged plot, plaintiff, in effect, accuses defendants of civil rights violations, libel, fraud or false statements, and criminal conspiracy. (*Id.* at 1-2, 4). In addition to these claims, plaintiff alleges that defendants did not comply with his various requests for information under FOIA. Plaintiff further claims that he submitted requests for his personal records to Naval Criminal Investigative Services ("NCIS") and to the Army Intelligence and Security Command ("INSCOM") but that both NCIS and INSCOM did not adequately respond. (*Id.* at 2). Specifically, plaintiff's NCIS request sought "all material regarding NCIS investigation [sic], including final report, which was conducted on [plaintiff], upon the request of Space and Naval Warfare Systems Center in Charleston, SC." (Declaration of LCDR Christopher D. Connor [#19-2] at ¶ 5). His INSCOM request sought "all material regarding Army investigation [sic], including final report if any, which was conducted on [plaintiff], upon the request of Titan Corp., Fairfax, VA, as part of linguist qualifications to work with the army in Iraq." (Declaration of Susan J. Butterfield [#19-4] at ¶ 4). In the complaint, however, plaintiff does not request these documents as relief; instead, he requests the following:

> (I) Copies of all National Security Letters (NSLs) relevant to Plaintiff that were issued by any government agency to any DoD organization, and all

2

NSLs which were issued by a DoD Organization, gag orders not withstanding, Doe v. Gonzalez (2006).

(II) Copies of all records of all communications . . . which mentioned the Plaintiff in any form, that occurred between the Navy command known as SPAWAR Charleston and all other governmental, intelligence and security entities, whether SPAWAR was sending or receiving. This would include but not limited to, all records from the Command Officer, special security officer, and the legal office.

(III) Copies of all records of all communications . . . which mentioned the Plaintiff in any form, that occurred between any DoD organization and all other international, governmental, intelligence and security entities, including Egypt, whether DoD was sending or receiving . . . .

Amended Complaint [#8] at 16-17.

## STANDARD OF REVIEW

Pro se pleadings are to be "liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotation marks omitted). Where evidence outside of the pleadings is considered, summary judgment is appropriate if "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In FOIA cases, an agency is entitled to summary judgment if it can demonstrate "that each document that falls within the class requested either has been produced or is wholly

exempt from the Act's inspection requirements." *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001).

## ANALYSIS

### A.    Miscellaneous Claims

Plaintiff's allegations of civil rights violations, libel, fraud or false statements, and criminal conspiracy are easily dismissed because each, for the following reasons, is barred as a matter of law.  First, as to his civil rights claim, to the extent that he has sued the Secretary of Defense in his official capacity, the Department of Defense, and SPAWAR, that claim must fail because the defendants are immune from suit.  Indeed, it is established that "the federal government has not rendered itself liable for constitutional tort claims." *Bostic v. U.S. Capitol Police*, __ F. Supp. 2d __, 2009 WL 2394408, *3 (D.D.C. 2009).[1]  Similarly, plaintiff's libel claim must also fail because Congress

---

[1] Plaintiff references throughout his complaint a previous employment discrimination claim that he filed against SPAWAR.  (Amended Complaint [#8] at ¶¶ 17, 20, 22, 47-49, 58, 63-73).  The claim was ultimately settled.  (*Id.* at ¶ 73).  To the extent that plaintiff's complaint can be construed as alleging a civil rights claim based on employment discrimination, the Court agrees with defendants that such a claim is foreclosed by the prior settlement agreement between plaintiff and SPAWAR insofar as the claim is based on the same underlying facts as the settlement.  *See Johnson v. Veneman*, 569 F. Supp. 2d 148, 154 (D.D.C. 2008) ("A settlement agreement concerning Title VII claims is sufficient to bar subsequent litigation of those claims.").  Even if plaintiff is alleging a breach of the settlement agreement, his claim is still barred for failure to exhaust administrative remedies.  *See Herron v. Veneman*, 305 F. Supp. 2d 64, 71 (D.D.C. 2004) (stating that a plaintiff's failure to notify, in writing, the EEO Director of alleged noncompliance with a settlement agreement "will deprive a federal court of subject matter jurisdiction over any claims involving" the settlement agreement).  Similarly, to the extent that plaintiff is alleging employment discrimination based on facts

specifically excluded libel from its general waiver of sovereign immunity for torts. *See*

28 U.S.C. § 2680(h) (stating that the Federal Tort Claims Act shall not apply to "[a]ny

claim arising out of assault, battery, false imprisonment, false arrest, malicious

prosecution, abuse of process, *libel*, slander, misrepresentation, deceit, or interference

with contract rights" (emphasis added)); *Sottile v. United States*, 608 F. Supp. 1040, 1042

(D.D.C. 1985) ("The United States still retains its sovereign immunity with respect to

defamation . . . .").[2] Moreover, plaintiff's claims of fraud or false statements under 18

U.S.C. § 1001 and conspiracy under 18 U.S.C. § 241 are also barred because these

criminal statutes do not expressly create a private right of action upon which plaintiff may

sue defendants. *See Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 42 (D.D.C.

2007) (noting that "the Supreme Court has refused to imply a private right of action in 'a

bare criminal statute'").

## B.    FOIA Claims

As to the specific documents requested on pages 16-17 of plaintiff's complaint,

there is no factual allegation that he properly submitted an initial FOIA request for those

---

that arose after the settlement agreement, this claim is barred as well for failure to
exhaust. *See Beckham v. Nat'l R.R. Passenger Corp.*, __ F. Supp. 2d __, 2009 WL
2152255, *3 (D.D.C. 2009) ("The statutory scheme of Title VII requires a plaintiff to
exhaust his or her administrative remedies before a civil action may be filed in federal
court." (internal quotation marks omitted)).

[2] To the extent that plaintiff is suing Secretary Gates in his personal capacity,
plaintiff has alleged no facts that implicate any actions or decisions by Secretary Gates.
Accordingly, plaintiff's complaint fails to state a claim against Secretary Gates upon
which any relief can be granted.

documents.[3] As a result, plaintiff has failed to exhaust his administrative remedies.

Accordingly, Plaintiff's claim with respect to the documents specifically listed in his

request for relief must also be dismissed. *See Pickering-George v. Registration Unit,*

*DEA/DOJ,* 553 F. Supp. 2d 3, 5 (D.D.C. 2008) ("In the absence of any evidence that

plaintiff exhausted his administrative remedies by properly submitting a FOIA request to

DEA, the Court concludes that defendant is entitled to judgment as a matter of law.").

To the extent that plaintiff's complaint states a claim with respect to his NCIS and

INSCOM requests, for which defendants do not dispute exhaustion of remedies,

defendants seek summary judgment on the ground that no information has been

improperly withheld from plaintiff. I agree. The NCIS affidavit explaining in detail the

agency's FOIA search describes a 46-page classified NCIS Report of Investigation

concerning Plaintiff. (Connor Decl. [#19-2] at ¶ 8). Every page of the report has been

released with the exception of: (1) a paragraph that was redacted in full by the Office of

Personnel Management ("OPM"), (2) another paragraph that was redacted by SPAWAR,

and (3) several redactions consisting primarily of third-party names, personal privacy

information, and information concerning the capabilities of military equipment. (*Id.* at ¶¶

8, 15, 19-23, 28). As to those redactions, defendants assert exemption (j)(2) under the

Privacy Act, 5 U.S.C. § 552a, and exemptions 2, 5, 6, and 7 under FOIA, 5 U.S.C. §

---

[3] Plaintiff requested relevant NSLs for the first time in his appeal of the NCIS
disclosure but never made a proper initial request for those records. (*See* Connor Decl.
[#19-2] at ¶ 17).  He remains free to do so.

552(b). (*Id.* at 8-13). Plaintiff's administrative appeal of the paragraph redacted by OPM is still pending before that agency. (Def. Mot. to Dismiss [#19] at 11 n.3).

With respect to the INSCOM request, defendants have submitted a separate affidavit stating that INSCOM located a total of 84 pages responsive to plaintiff's request. (Butterfield Decl. [#19-4] at ¶ 9). It released 67 pages in their entirety, and the remaining pages were either withheld or redacted pursuant to exemptions (a)(4), (d)(1), and (j)(1) under the Privacy Act, 5 U.S.C. § 552a, and pursuant to exemptions 3 and 6 under FOIA, 5 U.S.C. § 552(b). (*Id.* at ¶¶ 9-10, 12-18).[4] Plaintiff is currently appealing those redactions to the Department of the Army Office of General Counsel. (*Id.* at ¶ 19).

Even though agency review of plaintiff's administrative appeals is not complete, defendants invite this Court to pass judgment on the adequacy of their NCIS and INSCOM disclosures based on the detailed affidavits they have submitted.[5] After reviewing them carefully, the Court concludes that the defendants are entitled to summary judgment because plaintiff has wholly failed to adduce *any* evidence raising a genuine dispute as to defendant's compliance with FOIA. Indeed, the best plaintiff can muster are

---

[4] Documents identified during the INSCOM search that were referred to the Defense Security Service ("DSS") were not processed as part of the INSCOM request because DSS determined that it had already provided that information pursuant to an earlier FOIA request made directly to DSS by plaintiff. (Declaration of Salvatore J. Demarco [#19-5] at ¶ 8).

[5] The exhaustion requirement is not jurisdictional "because the FOIA does not unequivocally make it so." *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003). Accordingly, where the agency consents, as defendants do here, there is no jurisdictional bar to judicial review.

vague allegations that additional responsive documents exist or that defendants' claimed

exemptions are fraudulent.  This is not enough.  It is well-established in our Circuit that a

party "may not rely merely on allegations or denials" in opposing a motion for summary

judgment.  Fed. R. Civ. P. 56(e)(2).  In this case, the plaintiff "has provided no factual

basis for questioning the agency's declarations, which are otherwise accorded a

presumption of good faith."[6] *Antonelli v. U.S. Parole Comm'n*, 619 F. Supp. 2d 1, 5

(D.D.C. 2009) (internal quotation marks omitted).  Summary judgment based solely on

agency affidavits is, of course, proper in FOIA cases so long as "the affidavits describe

the documents and the justifications for nondisclosure with reasonably specific detail,

demonstrate that the information withheld logically falls within the claimed exemption,

and are not controverted by either contrary evidence in the record nor by evidence of

agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

The Court is satisfied that defendants' affidavits meet this standard.  Thus, defendants are

entitled to summary judgment with respect to plaintiff's NCIS and INSCOM requests as

well.

RICHARD J. LEON
United States District Judge

---

[6] The Court must provide notice of summary judgment requirements to a pro se plaintiff only if "counsel for the defendants fail to provide [such] notice." *Neal v. Kelly*, 963 F.2d 453, 457 (D.C. Cir. 1992).  Here, plaintiff was adequately apprised by defendants of his duty to submit affidavits or other documentary evidence challenging defendants' factual assertions.  (*See* Def. Mot. to Dismiss [#19] at 1 n.1).